Filed 10/16/25  P. v. Yanez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO YANEZ,<br><br>    Defendant and Appellant. | B343858<br><br>(Los Angeles County<br>Super. Ct. No. XSCKA049660) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Defendant Ricardo Yanez appeals from the denial of his petition for resentencing under Penal Code[1] section 1172.6, formerly section 1170.95. We affirm.

On December 18, 2000, a jury found defendant guilty of attempted murder. The jury found true allegations that the attempted murder was committed willfully, deliberately, and with premeditation, and that defendant personally used and personally and intentionally discharged a handgun. The jury further found defendant guilty of carjacking, kidnapping for carjacking, and evading an officer. The trial court sentenced defendant to two life terms plus 23 years.

On July 19, 2024, defendant, in pro. per., filed a petition for resentencing under former section 1170.95. The trial court appointed counsel for defendant. The People opposed the petition, arguing defendant was ineligible for relief because the jury found he committed attempted murder willfully, deliberately, and with premeditation, and, additionally, the jury had not been instructed on the natural and probable consequences doctrine.

Defendant's counsel then filed a second petition for resentencing under former section 1170.95, arguing defendant had made a prima facie case for relief and was entitled to an evidentiary hearing.

The trial court denied the resentencing petition at the prima facie stage, finding defendant ineligible for relief because the jury was not instructed on the natural and probable consequences doctrine or any other theory of imputed malice, and

---

[1] Unspecified statutory citations are to the Penal Code.

had found defendant personally and intentionally discharged a firearm.[2]

Defendant timely appealed. Appointed appellate counsel filed a brief identifying no issues. We informed defendant of his right to file a supplemental brief, which he has done.

Because this is an appeal from a denial of postconviction relief, we are not required to conduct an independent review of the record, as we might be in a direct appeal from a criminal conviction. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222; see *People v. Wende* (1979) 25 Cal.3d 436.) When a defendant files a supplemental brief, however, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, at p. 232.)

In his supplemental brief, defendant argues we should remand for resentencing because 1) changes to the law now make firearm enhancements discretionary; 2) defendant qualifies as a youth offender under section 3051; and 3) the disparity in sentencing between him and his codefendants violates equal protection and proportionality principles. Defendant also filed exhibits in support of his argument to strike the firearm enhancement.

None of defendant's arguments is cognizable in this appeal. Section 1172.6 provides a mechanism for defendants convicted of murder, attempted murder, or manslaughter under a theory of imputed malice to seek resentencing if they could no longer be

---

[2] At the hearing, the People emphasized the jury had found the attempted murder was committed willfully, deliberately, and with premeditation, but it is not clear from the reporter's transcript that the trial court relied on that fact in making its ruling.

convicted under the Penal Code as amended. (See *People v. Lee* (2023) 95 Cal.App.5th 1164, 1173–1174.) Defendant does not argue he was convicted under a theory of imputed malice. Rather, he challenges other aspects of his sentence unrelated to the theory under which he was convicted. Those challenges are outside the scope of relief under section 1172.6, and are therefore outside the scope of this appeal. We express no opinion whether defendant may raise his challenges through other means apart from section 1172.6.

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



WEINGART, J.

4